IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jeffrey S. Crank, #254267,              ) | C/A No. 9:04-1471-DCN-GCK |
|                                          ) | |
|                     Plaintiff,           ) | |
|                                          ) | |
|            vs.                           ) | **ORDER** |
|                                          ) | |
| NFN Durant, Lieutenant at Kershaw        ) | |
| Correctional Institution, NFN Cox,       ) | |
| Correctional Officer, and NFN Pittman,   ) | |
| Correctional Officer, sued in their      ) | |
| individual and official capacity,        ) | |
|                                          ) | |
|                     Defendants.          ) | |
| _____) | |

This matter is before the court pursuant to plaintiff's objection to a Report and Recommendation filed by the United States Magistrate Judge on December 29, 2004. On January 25, 2005 this court issued an order affirming the Report and Recommendation without considering plaintiff's January 24, 2004 Motion to Extend Time to File Objections to the Report and Recommendation. Plaintiff appealed this court's order and on February 9, 2006, the Fourth circuit court of Appeals vacated this court's order of January 25, 2005 and remanded plaintiff's case to this court.

The gravamen of plaintiff's case is that defendants allegedly failed to fix a leaky toilet after being placed on notice and because of the water on the floor of his cell, plaintiff slipped and fell on June 5, 2003 and injured himself. Plaintiff alleges that because of the failure of the defendants to fix the leak, he has been subjected to cruel and unusual punishment in violation of the 8th Amendment to the Constitution.

This Court is charged with conducting a de novo review of any portion of the magistrate judge's report to which a specific objection is registered, and may accept, reject, or modify, in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636(b)(1). However, absent prompt objection by a dissatisfied party, it appears that Congress did not intend for the district court to review the factual and legal conclusions of the magistrate judge. Thomas v Arn, 474 U.S. 140 (1985). Additionally, any party who fails to file timely, written objections to the magistrate judge's report pursuant to 28 U.S.C. § 636(b)(1) waives the right to raise those objections at the appellate court level. United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).[1] The court has reviewed this case and has fully considered plaintiff's objections to the magistrate judge's report and recommendation which were filed on February 2, 2005.

A de novo review of the record indicates that the magistrate judge's report accurately summarizes this case and the applicable law. Accordingly, the magistrate judge's report and recommendation is **affirmed**, the plaintiff's Motion for a Stay is **denied**, this case is deemed a "strike" with respect to plaintiff, and the defendants' Motion for Summary Judgment is **granted**.

---

[1] In Wright v. Collins, 766 F.2d 841 (4th Cir. 1985), the court held "that a pro se litigant must receive fair notification of the consequences of failure to object to a magistrate judge's report before such a procedural default will result in waiver of the right to appeal. The notice must be 'sufficiently understandable to one in appellant's circumstances fairly to appraise him of what is required.'" Id. at 846. Plaintiff was advised in a clear manner that his objections had to be filed within ten (10) days, and he received notice of the consequences at the appellate level of his failure to object to the magistrate judge's report.

**AND IT IS SO ORDERED.**

                                                David C. Norton
                                                United States District Judge

Charleston, South Carolina
February 21, 2006

*NOTICE OF RIGHT TO APPEAL*

      The parties are hereby notified that any right to appeal this Order is governed by Rules 3 and 4 of the Federal Rules of Appellate Procedure